UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

MARIO ARMOUR,

        Plaintiff,

        Case No. 2:24-cv-135

v.

        Honorable Maarten Vermaat

DR. MEDEN,

        Defendant.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendant is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendant has not yet been served, the undersigned concludes that Defendant Meden is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way Defendant Meden is not a party who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The

2

record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Dr. Meden, a psychiatrist at MBP.

Plaintiff alleges that on January 16, 2024, Dr. Meden changed his Wellbutrin prescription. (Compl., ECF No. 1, PageID.3.) Wellbutrin is prescribed to treat depression. Until January 16, Plaintiff was dispensed his Wellbutrin in tablet form. On that date, Dr. Meden required that the tablet be crushed and dissolved in water before being dispensed to Plaintiff. Plaintiff alleges that

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

3

there was "a statewide mandate that all Wellbutrin be floated[—placed in water when dispensed]." (*Id.*)[2] Plaintiff reports that the "crush and dissolve order" is typically "reserved for prisoner caught abusing and misusing that particular medication." (*Id.*) Plaintiff states that he has "never been caught abusing or misusing the medication Wellbutrin." (*Id.*)

Plaintiff claims that because the medication is dissolved in water before he takes it, he has no idea what he has been taking. He states that since he started taking the medication in that form, he suffers "stomach problems, compromised intestinal fortitude [and he has] totally lost [his] sense of taste" and he has "bouts of decompensation in [his] depression." (*Id.*) Plaintiff contends that Dr. Meden has violated Plaintiff's constitutional rights in that dispensing the Wellbutrin crushed and dissolved in water constitutes cruel and unusual punishment in violation of the Eighth Amendment.

Plaintiff seeks compensatory damages for the injury and harm Dr. Meden has caused Plaintiff. (*Id.*, PageID.4.)

## II.  Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint

---

[2] The rationale for dispensing medication in water is to ensure that the prisoner is not "cheeking" the tablet. This Court has considered many cases where a prisoner's pain or psychotropic medication regimen was altered in this way to prevent the prisoner from "cheeking" it—pretending to swallow a medicine but instead secreting it in his cheek to permit later sale or misuse of the medicine. *See, e.g.*, *Bradbury v. Lewis*, No. 2:23-cv-238, 2024 WL 1152272, at *5 n.2 (W.D. Mich. Mar. 18, 2024). Several courts have noted the particular danger posed by Wellbutrin, which the United States District Court for the District of Idaho noted was "considered the 'poor man's cocaine,' because when injected or snorted, the drug gives users a 'crack-like high at a much cheaper price.'" *Lopez v. Corizon, Inc.*, No. 1:15-cv-00123-EJL-CWD, 2016 WL 3014645, at *10 (D. Id. May 24, 2016) *R&R adopted* (July 28, 2016); *see also* Salisu Aikoye et al., *A Systematic Review of Abuse or Overprescription of Bupropion in American Prisons and a Synthesis of Care Reports on Bupropion Abuse in American Prison and Non-prison Systems*, v.15(3) Cureus J. of Med. Sci., March 2023.

need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Here, Plaintiff seeks relief for violation of his Eighth Amendment rights.

5

### III. Deliberate Indifference

The Eighth Amendment prohibits the infliction of cruel and unusual punishment. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care[3] to incarcerated individuals, as a failure to provide such care would result in unnecessary suffering without serving any penological purpose. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976) "The infliction of such unnecessary suffering is inconsistent with contemporary standards of decency . . . ." *Id*, at 103–04. The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

An Eighth Amendment claim has two components: one objective and one subjective. "To satisfy the objective component, the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Comstock*, 273 F.3d at 702 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Farmer*, 511 U.S. at 834. The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004).

Plaintiff's depression could certainly constitute a serious medical need. *See, e.g.*, *Ruiz v. Martin*, 72 F. App'x 271, 275–76 (6th Cir. 2003) (noting that the plaintiff claimed that defendants

---

[3] The Eighth Amendment requires prison officials to provide medically necessary mental health treatment as well. *See, e.g.*, *Andrews v. Wayne Cnty, Mich.*, 973 F.3d 714, 721 (6th Cir. 2020) (explaining that the parallel Fourteenth Amendment right of pretrial detainees to receive adequate medical attention "includes psychological needs"); *Bays v. Montmorency Cnty.*, 874 F.3d 264, 269 (stating "that inmates have the right to reasonable medical care . . . [a]nd several circuits, including this one, have held that the right extends to psychological treatment for serious mental illnesses"); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001) (citing *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) for the proposition that a prison inmate had an Eighth Amendment right to be free from deliberate indifference to serious psychiatric needs).

"refused to treat [plaintiff] for chronic depression and suicidal tendencies"). But even "major depression" can be "mild, moderate, or severe." *Bartrom v. Apfel*, No. 00-1049, 2000 WL 1412777, at *5 n.6 (7th Cir. Sept. 20, 2000) (citing the Diagnostic and Statistical Manual of Mental Disorders (DSM-IV), 339 (4th ed.1994)). The same is true with regard to "stomach problems" and "compromised intestinal fortitude." (Compl., ECF No. 1, PageID.3.) To lose one's sense of taste, is certainly significant. Nonetheless, Plaintiff provides no facts from which the Court could infer that any of the "needs" of which he complains are sufficiently serious to ***obviously*** require medical care and, thus, serve as the foundation of an Eighth Amendment deliberate indifference claim.

"To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk. *Comstock*, 273 F.3d at 703 (citing *Farmer,* 511 U.S. at 837). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer,* 511 U.S. at 835.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id.* at 105–06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state

a deliberate indifference claim. *Briggs v. Westcomb*, 801 F. App'x 956, 959 (6th Cir. 2020); *Rhinehart v. Scutt*, 894 F.3d 721, 750–51 (6th Cir. 2018); *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017); *Mitchell v. Hininger*, 553 F. App'x 602, 605 (2014).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 448 (6th Cir. 2014) (quoting *Jones v. Muskegon Cnty.*, 625 F.3d 935, 944 (6th Cir. 2010)). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell*, 553 F. App'x at 605 (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). He must demonstrate that the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop*, 871 F.2d at 1033).

Accepting, for purposes of this preliminary analysis, that Plaintiff's alleged needs following the dispensing of the dissolved medication—stomach problems, compromised intestinal fortitude, loss of the sense of taste, and decompensation—are sufficiently serious, Plaintiff has failed to allege that Dr. Meden was even aware of those needs, much less that he was deliberately indifferent to them. Plaintiff does not say that he informed Dr. Meden, or anyone else, that Plaintiff was suffering the symptoms that he attributes to the dissolved medication. Plaintiff alleges no facts to support the inferences that: Dr. Meden subjectively perceived facts regarding the substantial

8

risk to Plaintiff; that Dr. Meden, in fact, drew the inferences recognizing the risk; or that Dr. Meden, having recognized the risk, then disregarded it. Plaintiff's allegations provide no facts to support the subjective component of a deliberate indifference claim. Accordingly, Plaintiff has failed to state a claim for violation of his Eighth Amendment rights, and his complaint is properly dismissed.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $605.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $605.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: August 16, 2024    /s/ *Maarten Vermaat*
　　　　　　　　　　　　　　　　　　Maarten Vermaat
　　　　　　　　　　　　　　　　　　United States Magistrate Judge